## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MICHEAL SALMON,**

**Petitioner,**

**v.**                                                    **CASE NO. 25-3243-JWL**

**CRYCELLA FREITAG,**

**Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

Petitioner Micheal Salmon, a Kansas state prisoner who is proceeding pro se, has filed with this Court a petition for writ of mandamus (Doc. 1), but he has neither paid the statutory filing of $405.00[1] nor filed a motion for leave to proceed without prepayment of fees. Petitioner will be granted to and including December 10, 2025 to either pay the statutory filing fee of $405.00 or file a motion to proceed without prepayment of fees. The Court will direct the clerk to provide Petitioner with forms and instructions for filing a motion for leave to proceed without prepayment of fees. If Petitioner fails to either pay the full filing fee or a submit a motion for leave to proceed without prepayment of fees on or before December 10, 2025, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

Because Plaintiff is a prisoner, the Court is required by statute to screen the petition for writ of mandamus and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). *See also Jenkins v. Trammell*, 2015 WL 10529346, *1 (W. D. Okla.

---

[1] The fee to file a non-habeas civil action, including a petition for writ of mandamus, includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

Oct. 29, 2015) (applying § 1915A screening standards to petition for writ of mandamus); *cf. Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("[P]etitions for writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915."). When screening, the Court liberally construes Petitioner's pro se pleadings and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Petitioner seeks a writ of mandamus directing Judge David Braun of the District Court of Franklin County, Kansas to convert a civil suit pending before him into a criminal case against Crycella Freitag. (Doc. 1, p. 1.) Petitioner asserts that Ms. Freitag has committed various crimes and torts "to the amount of $90,000 in damages." *Id.* at 1. Liberally construing the petition, he also asks that the state court be ordered to rule on the motions that have been filed in the case and that Judge Braun be prevented from presiding over the case. *Id.* at 3.

A petition for writ of mandamus is a pleading that seeks to compel a governmental employee or officer to perform a duty owed to the petitioner. Under 28 U.S.C. § 1361, federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But Petitioner does not seek an order compelling a *federal* officer or employee to perform a duty; he seeks an order compelling a state district court judge to take certain actions in a case pending before him.

It is well-established that "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n. 1 (10th Cir. 2012) (unpublished) (citing § 1361 and *Amisub (PSL), Inc.*). Even more specifically, the Tenth Circuit has held that federal courts "'have

no authority to issue such a writ [of mandamus] to direct state courts or their judicial officers in the performance of their duties.'" *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011) (quoting *VanSickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks omitted)). Thus, the Court cannot grant Petitioner's request for a writ of mandamus and Petitioner is directed to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. The failure to file a timely response to this order will result in the dismissal of this matter without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including December 10, 2025 in which to either pay the $405.00 filing fee for this action or submit a motion for leave to proceed without prepayment of fees. The clerk is directed to provide Petitioner with forms and instructions for filing a motion for leave to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including December 10, 2025 in which to show cause in writing why this matter should not be dismissed for failure to state a claim on which relief can be granted. The failure to comply with this order will result in this action being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 10th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge