## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

MICHEAL SALMON,

Petitioner,

v.                                                          CASE NO. 25-3243-JWL

CRYCELLA FREITAG,

Respondent.

## MEMORANDUM AND ORDER

Petitioner Micheal Salmon, a Kansas state prisoner who is proceeding pro se, filed with this Court a petition for writ of mandamus (Doc. 1), but he neither paid the statutory filing fee nor filed a motion for leave to proceed without prepayment of fees. On November 10, 2025, the Court issued a notice and order to show cause ("NOSC") granting Petitioner time to either pay the statutory filing fee of $405.00 or file a motion to proceed without prepayment of fees. (Doc. 2, p. 1.) The NOSC also explained that the Court cannot, as a matter of law, issue a writ of mandamus to state courts, so it directed Petitioner to show cause why this matter should not be dismissed. *Id.* at 2-3. The deadline for compliance with the NOSC is December 10, 2025.

This matter comes now before the Court on Petitioner's motion for leave to proceed without prepayment of fees and his "[m]otion for leave to amend complaint." (Docs. 3 and 4.) In his motion to amend, Petitioner seeks leave to file a complaint in this matter, explaining that he no longer wishes to seek a writ of mandamus. (Doc. 4, p. 1.) Instead, he intends to seek "criminal charges and investigation against Crycella Freitag," who is named as Respondent in this matter. *Id.* The remainder of the motion to amend provides background facts explaining the events that led Petitioner to file this suit. *Id.* at 1-4. As relief, Petitioner explains, he seeks reversal of orders

1

issued by "Stone County and the State of Kansas," as well as the immediate incarceration and investigation of Ms. Freitag. *Id.* at 4.

Liberally construed, the "motion for leave to amend complaint" seeks to convert this mandamus action into a different type of case by filing a complaint that will replace the petition that began this case. But the motion to amend leaves unclear the nature of the claims Petitioner would assert if allowed to file a complaint under this case number. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The motion to amend now before the Court indicates that Petitioner intends to allege "criminal torts." (Doc. 4, p. 1.) To the extent that Petitioner intends to bring claims that assert Ms. Freitag violated criminal laws and to seek the investigation and prosecution of Ms. Freitag, such allegations generally do not state a claim on which relief may be granted. As the Court has previously explained to Petitioner, "this Court lacks the authority to order a criminal investigation." *See Salmon v. Braun*, Case No. 25-3148-JWL, 2025 WL 2402259, *3 (D. Kan. Aug. 19, 2025) (unpublished). Similarly, this Court cannot order the criminal prosecution of Ms. Freitag; "such an order would improperly intrude upon the separation of powers." *See Presley v. Presley*, 102 Fed. Appx. 636, 636 (10th Cir. 2004) (unpublished). Finally, this Court generally does not have the authority to issue injunctive orders directing state courts in the performance of their duties. See Fed. R. Civ. P. 65 (discussing injunctions and restraining orders).

Simply put, the motion to amend now before the Court states that Petitioner no longer wishes to seek a writ of mandamus from this Court. Rather, he wishes to file a complaint under

this case number and pursue relief other than a writ of mandamus. The Court declines to allow this type of case conversion, especially in light of the unclear nature of the claims Petitioner would assert in a complaint. The Court already has expended judicial resources screening the petition filed in this matter and issuing the NOSC. It would not serve the interests of justice to allow Petitioner now to convert this case to a different type of action. Instead, this case will be dismissed for failure to state a claim on which relief can be granted, as set forth in the NOSC.[1] Because the Court dismisses this case, the motion for leave to proceed in forma pauperis (Doc. 3) will be denied as moot, meaning that Petitioner will not be assessed a filing fee in this matter.

To be clear, if Petitioner wishes to file a complaint in this Court and assert claims for relief that are not brought in the context of a petition for writ of mandamus, he must do so under a different case number. The Court will direct the clerk to provide to Petitioner the required forms and instructions applicable if Petitioner wishes to pursue claims under 42 U.S.C. § 1983. Petitioner may initiate a new case by filing a complaint on the required form and either paying the filing fee for the new case or submitting, with his complaint, a motion for leave to proceed in forma pauperis and the required financial statement.[2]

**IT IS THEREFORE ORDERED** that the "motion for leave to amend complaint" (Doc. 4) is **denied** for the reasons stated in this order. The Court liberally construes the motion as a

---

[1] The Court recognizes that the deadline for Petitioner to formally respond to the NOSC has not yet expired. The Court nevertheless dismisses this matter in light of Petitioner's statements in his "Motion for leave to amend complaint" that he "is no longer seeking [a] 'writ of mandamus.'" (Doc. 4, p. 1.)

[2] The Court notes that Petitioner has filed in this case a motion for leave to proceed in forma pauperis. (Doc. 3.) The required form on which Petitioner filed this motion for leave to proceed in forma pauperis instructs:

> If you are a prisoner in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

(Doc. 3, p. 4.) Petitioner did not attach the required financial statement to his motion for leave to proceed in forma pauperis. If Petitioner files additional cases in this Court, he is cautioned that the failure to provide the required financial statement may lead to delay in his cases or, ultimately, to their dismissal.

response to the notice and order to show cause issued on November 10, 2025 and finds that Petitioner has not shown good cause why this matter should not be dismissed. This mandamus action is therefore **dismissed with prejudice** because it fails to state a claim on which relief can be granted. The motion for leave to proceed in forma pauperis (Doc. 3) is **denied as moot**. The clerk is directed to provide Petitioner with § 1983 forms for use in initiating a new case in this Court if Petitioner wishes to do so.

**IT IS SO ORDERED.**

DATED:   This 25th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge